**SEAFARERS INTERNATIONAL UNION OF NORTH AMERICA, ATLANTIC, GULF, LAKES AND INLAND WATERS DISTRICT, AFL–CIO, Plaintiff,**

**v.**

**PAN AMERICAN WORLD AIRWAYS, INC., Defendant.**

**No. 62–C–886.**

United States District Court
E. D. New York.

Aug. 23, 1962.

Wikler, Gottlieb, Stewart & Long, New York City, by Richard P. Long, New York City, of counsel, for plaintiff, for the motion.

Poletti, Freidin, Prashker & Harnett, New York City, by Martin Seham, New York City, of counsel, for defendant, in opposition.

RAYFIEL, District Judge.

The plaintiff has moved by order to show cause for a preliminary injunction enjoining the defendant, its agents, servants, employees, attorneys, etc., from performing or engaging in any act which will result in the discharge or lockout of any of the unlicensed seamen presently employed aboard the eight missile tracking vessels named in said order, or from taking any other action which may change the "existing relationship between the plaintiff and the defendant" with respect to the said unlicensed crew members "until a final determination (of its dispute with the defendant) is made under the provisions of the Railway Labor Act."

For some five years last past the defendant has been under contract with the United States Air Force to provide certain facilities required in support of the

Cape Canaveral-South Atlantic Testing Complex and, in the performance thereof, has sub-contracted several stages or aspects of its operations to others. One of such sub-contractors was Suwannee Steamship Company (Suwannee), to which the defendant, after competitive bidding, awarded the subcontract in 1957, providing for the maritime operation of certain vessels employed in the tracking and other operations of the Missile Range.

Since the execution of said contract the plaintiff has been the bargaining representative of the said seamen and has treated with Suwannee in their behalf as their employer.

Suwannee's then current contract with the defendant expired on June 30, 1962. About a month prior thereto the defendant invited bids for the continuation of said maritime work from several shipping companies, including Suwannee, and, after reviewing the bids, selected Marine Transport Lines (MTL), with which it entered into a contract. MTL presently is preparing to take control of the vessels involved and to staff them with unlicensed seamen and other maritime personnel of its own choosing.

Apparently aggrieved by the aforementioned invitation to competing companies to bid, the plaintiff filed several representation petitions with the National Labor Relations Board, both in New York and Florida, first naming MTL as employer of said seamen, then the defendant, and later Suwannee. These petitions were apparently withdrawn or abandoned.

On July 25, 1962 the plaintiff filed a complaint with the National Mediation Board (Board), charging the defendant with refusing to discuss wage and other conditions of employment with the unlicensed maritime personnel aboard the aforementioned vessels.

On August 21, 1962 the Board announced its decision on the plaintiff's complaint in a telegram wherein it stated, *inter alia*, that an investigation by its "Mediator Della Corte" disclosed that during Suwannee's operation of the vessels under the contract, it (Suwannee) had labor contracts with the plaintiff for its unlicensed marine personnel, and with other organizations for its licensed deck and other personnel, *all of whom were paid by Suwannee as their employer*. Accordingly, the Board found that since the unlicensed seamen were not employees of the defendant, a common carrier, they were not subject to the Railway Labor Act, and the Board had no jurisdiction over them.

I have carefully examined the agreement dated July 1, 1959. It provides that Suwannee, as sub-contractor, was to operate eight missile tracking vessels and, inter alia,

"B. (1) Provide trained, qualified and experienced personnel for maximum and efficient performance of the work described herein. All ships officers must possess applicable current U. S. Coast Guard licenses.

"(2) Supervise its employees to insure that all such employees conduct themselves in an orderly, faithful, honest and sober manner at all times. Particular supervision of personnel while on foreign soil will be exercised in order to maintain good will with foreign governments so as not to jeopardize the reputation of Pan American or the United States Government."

I have also seen and examined copies of the contracts between Suwannee as employer and the Seafarers International Union of North America as the representative of the unlicensed seamen.

I therefore find, as did the mediator appointed by the National Mediation Board, that the unlicensed personnel of the vessels in question were employees of Suwannee and not of the defendant herein.

Accordingly, the motion for a preliminary injunction is denied.

Settle order on notice.